UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

FRANCISCO RIVERA,

            Plaintiff,

v.

STONY BROOK PIZZA, LLC and GARY TIPLEY,

            Defendants.

**MEMORANDUM & ORDER**
24-CV-1260 (HG)

---

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Francisco Rivera sued his former employers, Defendants Stony Brook Pizza, LLC, and its owner, Gary Tipley ("Defendant Tipley"), under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). ECF No. 11 (Amended Complaint). Defendants move for summary judgment on Plaintiff's retaliation claims, spread-of-hours claim, and unpaid overtime claims. ECF No. 23 (Motion for Partial Summary Judgment). Because there is no shortage of genuine disputes of material fact, the Court DENIES Defendants' motion.[1]

## BACKGROUND

Plaintiff was employed as a cook at Stony Brook Pizza from June 2017 until February 24, 2024. ECF No. 27-1 at 2 ¶ 1. He was compensated by check for forty hours of work per week

---

[1] Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF"), except when quoting to deposition transcripts, where the Court cites to the original page number on the native document. When citing to the parties' Rule 56.1 statements, the Court incorporates references to the record.

The motion papers consist of: ECF No. 23 (Defs.' Mot.); ECF No. 24 (Defs.' Mem.); ECF No. 25 (Defs.' Decl. & Exs.); ECF No. 26 (Defs.' Rule 56.1 Statement); ECF No. 27 (Pl.'s Opp., Rule 56.1 Counterstatement, Decl., & Exs.); and ECF No. 28 (Defs.' Reply).

and was paid in cash for overtime work. *Id.* at 3 ¶ 5. According to Plaintiff, however, Defendants did not always pay him the overtime premium to which he was entitled. *Id.* at 5 ¶ 10. Plaintiff testified that he regularly worked over 40 hours per week, but Defendants did not pay him his overtime rate for many of those extra hours; rather, they paid him his regular rate in cash. *Id.* at 8–12 ¶¶ 10–11, 20, 22, 24, 26–29, 31, 33, 35. Although Defendants at least partially contest this, *see* ECF No. 24 at 24, they put forth no evidence of any overtime payments, as they did not maintain cash receipts or a cash ledger, ECF No. 27-7 at 86:2–6.

      Plaintiff also testified that from 2017 through the end of 2022, he regularly worked over ten-hour shifts: 12-hour shifts on Tuesdays and 11-hour shifts on Wednesdays. ECF No. 27-5 at 113:22–25, 114:2–3. When asked whether Defendants paid him "extra money [when] [he] worked more than ten hours in a day," Plaintiff responded, "No." ECF No. 27-6 at 125:20–23. Defendants do not rebut that assertion, but they acknowledge "a dispute as to the length of Plaintiff's . . . working hours" on Tuesdays and Wednesdays. ECF No. 24 at 22. Over the course of over six years at Stony Brook, Plaintiff took two vacations—one from December 24, 2017, until January 20, 2018, and another from November 27, 2022, until January 7, 2023—during which he did not work. ECF No. 27-1 at 3–4 ¶ 7.

      Plaintiff initiated this FLSA and NYLL action against Defendants on February 19, 2024. ECF No. 1. Defendant Tipley testified that shortly thereafter, he received a solicitation letter from an attorney with the cover page of the complaint. ECF No. 27-7 at 121:10–23. On Friday, February 23, 2024, Jack Tipley, Defendant's son and employee, confronted Plaintiff about the suit, inquiring whether Plaintiff was suing his father. ECF No. 27-10 at 20:4–21. As Jack remembers it, Plaintiff responded that he could not discuss it and proceeded to hand over the restaurant keys, instructing Jack to give them to Defendant Tipley, as Plaintiff was "leaving."

2

ECF No. 25-17 at 2 ¶¶ 8–9.  Jack further asserted that he called his father to inform him of Plaintiff's resignation "so that the pizzeria could secure someone to cover [Plaintiff's] shift" the next day.  *Id.* at 2 ¶ 13.  Jack apparently "was shocked [when] [Plaintiff] showed up Saturday after quitting Friday night."  ECF No. 27-10 at 22:14–15.

Plaintiff remembers things differently.  In his view, after Jack confronted him about the lawsuit, Jack seemed upset and did not speak to Plaintiff for most of the day.  ECF No. 27-1 at 6–7 ¶ 17.  Plaintiff concedes that he returned the keys, but not because he was quitting; instead, he believed Jack intended to fire him for suing the restaurant and his father.  *Id.* at 5–6 ¶¶ 11, 17; ECF No. 25-10 at 67:9–12.  Plaintiff testified that because he did not quit, he returned to work that Saturday, only to find a new employee in his stead.  ECF No. 27-1 at 7 ¶ 19.  Jack asked why Plaintiff was there and instructed, in no uncertain terms, "if you drop the case, you can continue working here," but "if you still have a case against us, you cannot work here anymore because I don't feel comfortable having you here."  ECF No. 27-3 at 66:4–8; ECF No. 25-10 at 65:10–11.

Defendant Tipley, for his part, purports that his son, Jack, has no authority to hire or fire employees, that Plaintiff simply "stopped coming to work," and that only after Plaintiff stopped coming to work did Defendant Tipley learn of Plaintiff's lawsuit.  ECF No. 25-16 at 4 ¶¶ 23, 26, 29.

## **LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In other words, a court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Where the moving party demonstrates the absence of a genuine issue of material fact, the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011).

When deciding a summary judgment motion, any ambiguities and inferences drawn from the facts must be viewed in the light most favorable to the nonmoving party. *LaFond v. Gen. Physics Servs. Corp.*, 50 F.3d 165, 171 (2d Cir. 1995). "In reviewing the evidence and the inferences that may reasonably be drawn, [the Court] may not make credibility determinations or weigh the evidence. . . . Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Proctor v. LeClaire*, 846 F.3d 597, 607–08 (2d Cir. 2017).

## DISCUSSION

Defendants move for summary judgment on Plaintiff's retaliation claims, spread-of-hours claim, and unpaid overtime claims. *See* ECF No. 24 at 5. Because each of these claims involves genuine disputes of material fact, they cannot be resolved on summary judgment.

### I.     Retaliation Claims

The Court begins with Plaintiff's retaliation claims, which arise under the FLSA and the NYLL. "Under the *McDonnell Douglas* 'three-step burden-shifting framework,' a plaintiff alleging retaliation under the FLSA and NYLL 'must first establish a *prima facie* case of retaliation by showing (1) participation in [a] protected activity known to the defendant, like the

4

filing of a FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action.'" *Williams v. Harry's Nurses Registry, Inc.*, No. 24-34-cv, 2025 WL 842041, at *3 (2d Cir. Mar. 18, 2025) (quoting *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010)). "If the plaintiff establishes a *prima facie* case, 'the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for the employment action.'" *Id.* (quoting *Mullins*, 626 F.3d at 53). "If the defendant meets its burden, the plaintiff must produce 'sufficient evidence to support a rational finding that the legitimate, non-retaliatory reasons proffered by the defendant were false, and that more likely than not retaliation was the real reason for the employment action.'" *Id.* (quoting *Mullins*, 626 F.3d at 53–54).

Defendants argue that there was no adverse employment action, as Plaintiff voluntarily resigned, and even if there were, there was no causal connection between Plaintiff's protected activity and any adverse action, as Defendant Tipley did not know that Plaintiff filed a complaint until *after* Plaintiff resigned. *See* ECF No. 24 at 15–22. Plaintiff retorts that he was, in fact, subjected to an adverse employment action, and that adverse action was directly related to a protected activity, as he was terminated for refusing to withdraw his complaint. *See* ECF No. 27 at 16–21. The Court finds that genuine issues of material fact preclude summary judgment on Plaintiff's retaliation claims.

First, there is sharply conflicting evidence as to whether an adverse employment action even occurred. "An employment action disadvantages an employee engaged in a protected activity if a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Mullins v. City of New York*, 634 F. Supp. 2d 373, 385

5

(S.D.N.Y. 2009). According to Plaintiff, Jack terminated his employment, replaced him, and refused to give him his job back unless he dismissed the suit. *See* ECF No. 27-3 at 66:4–8; ECF No. 25-10 at 67:7–12. Under this version of events, Plaintiff certainly suffered an adverse employment action, as the risk of termination surely would discourage a reasonable employee from commencing a FLSA action. *See Arazi v. Cohen Bros. Realty Corp.*, No. 20-cv-8837, 2022 WL 912940, at *18 (S.D.N.Y. Mar. 28, 2022) ("[T]ermination is an adverse action for purposes of FLSA and NYLL retaliation claims."). But under Jack's version of events, Plaintiff suddenly resigned, so the pizzeria was forced to arrange for coverage. ECF No. 25-17 at 2 ¶¶ 8–9, 13. And according to Defendant Tipley, Jack does not even have the authority to terminate Plaintiff's employment, which he did not do; rather, Plaintiff simply "stopped coming to work." ECF No. 25-16 at 4 ¶¶ 23, 29. These circumstances, if true, do not come close to establishing an adverse employment action. *See Powell v. Dep't of Educ. of City of New York*, No. 14-cv-2363, 2018 WL 4185702, at *6 (E.D.N.Y. Aug. 30, 2018) ("In this Circuit, a voluntary resignation is not an adverse employment action unless the employee was constructively discharged.").

Equally conflicting is the testimony surrounding causation. "A plaintiff can establish the causal connection between protected activities and an adverse employment determination indirectly by showing that the protected activity was followed by adverse treatment in employment, or directly by evidence of retaliatory animus." *Mullins*, 634 F. Supp. 2d at 385–86. Plaintiff's testimony that Jack fired him, replaced him, and made his return offer contingent on Plaintiff withdrawing his lawsuit is direct evidence of retaliatory animus. *See* ECF No. 27-3 at 66:4–8; ECF No. 25-10 at 67:7–12. That direct evidence, combined with Defendant Tipley's testimony that he received a solicitation letter notifying him of the lawsuit at some point after it was filed, ECF No. 27-7 at 121:10–23, could lead to the rational inference that Defendants took

6

an adverse employment action against Plaintiff because of his FLSA lawsuit.  Although Defendant Tipley later asserted that he was not aware of Plaintiff's suit until after Plaintiff "stopped coming to work," ECF No. 25-16 at 4 ¶ 26, the credibility of that statement is for a jury, not this Court, to decide.

In sum, this kind of "he said, she said" dispute is not resolvable on summary judgment.  *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 726 (2d Cir. 2010).  That is particularly true in this case, where most of the record evidence consists of testimony from Plaintiff, Defendant Tipley, and Defendant Tipley's son, Jack.  It is the function of the jury and not of the Court to evaluate the credibility of that testimonial evidence.  *See Quintanilla v. Suffolk Paving Corp.*, No. 09-cv-5331, 2019 WL 885933, at *30 (E.D.N.Y. Feb. 22, 2019) (denying summary judgment where a jury was required to evaluate competing evidence about whether an allegedly retaliatory phone call took place in violation of the FLSA and NYLL).  Because there are genuine disputes of material fact as to whether Plaintiff can establish the elements of his retaliation claims, those claims survive summary judgment.

## II.     Spread-of-Hours Claim

Next, Defendants move for summary judgment on Plaintiff's spread-of-hours claim under the NYLL. "New York law provides that [o]n each day on which the spread of hours exceeds [ten], an employee shall receive one additional hour of pay at the basic minimum hourly rate." *Yanes v. Juan & Jon Inc.*, No. 19-cv-0201, 2024 WL 1072034, at *6 (E.D.N.Y. Mar. 11, 2024) (quoting 12 N.Y.C.R.R. § 146-1.6(a)).  "The term 'spread of hours' is defined as the length of the interval between the beginning and end of an employee's workday." *Id.*  Plaintiff alleges that he worked over ten-hour shifts on Tuesdays and Wednesdays and limits his spread-of-hours claim to those days.  *See* ECF No. 27 at 21.  Defendants dispute the length of Plaintiff's shift on

7

Tuesday and Wednesdays, *see* ECF No. 24 at 22, but they do not challenge Plaintiff's testimony that they did not pay him "extra money if [he] worked more than ten hours in a day," ECF No. 27-6 at 125:20–23.  Thus, there is a genuine dispute of material fact as to whether Plaintiff worked over ten-hour shifts on Tuesdays and Wednesdays, which precludes summary judgment on Plaintiff's spread-of-hours claim.[2]

### III.     Overtime Claims

Finally, Defendants seek summary judgment on Plaintiff's overtime claims, which, like Plaintiff's retaliation claims, arise under both the FLSA and the NYLL.[3]  "The FLSA mandates that an employee engaged in interstate commerce be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013) (citing 29 U.S.C. § 207(a)).  The NYLL largely adopts this standard.  *Id.* (citing N.Y. Comp. Codes R. & Regs. tit. 12, § 142–2.2 (incorporating the FLSA definition of overtime into the NYLL)).  Plaintiff testified that he worked over 40 hours per week, but often, Defendants only paid him his regular rate in cash for the extra hours, rather than the appropriate overtime rate.  ECF No. 27-1 at 8–12 ¶¶ 10–11, 20, 22, 24, 26–29, 31, 33, 35.  Defendants concede that there is a factual dispute as to whether Plaintiff was paid his full overtime compensation.  *See* ECF No. 24 at 24 ("Plaintiff received *(at least a portion of)* his overtime compensation.").  And

---

[2]     However, the Court dismisses Plaintiff's spread-of-hours claim to the extent that it applies to his vacation time—December 24, 2017, through January 20, 2018, and November 27, 2022, through January 7, 2023.

[3]     The Court also dismisses Plaintiff's overtime claims to the extent that they apply to his vacation time, to which Plaintiff consents.  ECF No. 27 at 23.  Also with Plaintiff's consent, the Court dismisses Plaintiff's overtime claims between April 26, 2020, through May 2, 2020, as Plaintiff cannot recall whether he received an additional cash payment for his overtime hours during that period.  *Id.* at 23–24.

Defendants offer no evidence in their favor, as they did not maintain records of their overtime payments. ECF No. 27-7 at 86:2–6. Therefore, Plaintiff's overtime claims withstand summary judgment.[4]

## CONCLUSION

For the reasons explained above, Defendants' motion for partial summary judgment is DENIED. *See* ECF No. 23. In view of the relative simplicity of this case, the Court again finds it appropriate to refer this case to the Court-Annexed Mediation Program and will enter a separate order to that effect. If the parties are unable to resolve this case in mediation (or otherwise), they are directed to file a proposed joint pretrial order in accordance with Section VI.B of the Court's Individual Practices within 30 days of their final failed mediation session.

SO ORDERED.

/s/ *Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
       June 20, 2025

---

[4] Setting aside the merits, Plaintiff argues that Defendants contravened the Court's Individual Rules by submitting additional exhibits in excess of the permitted amount. *See* ECF No. 27 at 13. Because the Court rules fully in Plaintiff's favor, the Court declines to address that argument.